IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 8 - 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02532-ZLW

RONALD ANDREW HERNDON,

      Plaintiff,

v.

JOE ORTIZ, Executive Director, Colorado Department of Corrections,
CARY SHAMES, Chief Medical Officer,
CORRECTIONS CORPORATION OF AMERICA (CCA),
CORRECTIONAL MEDICAL SERVICES (CMS),
BENT COUNTY CORRECTIONAL FACILITY (BCCF),
CROWLEY COUNTY CORRECTIONAL FACILITY (CCCF),
DEL LE COUNT, Health Services Administrator,
J. G. SUTTON, Medical Doctor, and
DR. NEECE, Medical Doctor,

      Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff Ronald Andrew Herndon has filed *pro se* on February 13, 2006, a

"Motion to Alter or Amend Judgment Pursuant to Civ. R. 59(e)." Mr. Herndon asks the

Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in

this action on February 1, 2006. The Court must construe the motion to reconsider

liberally because Mr. Herndon is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the

reasons stated below, the motion to reconsider will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Herndon filed the motion to reconsider within ten days after the Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice for failure to exhaust administrative remedies. The Court specifically determined that Mr. Herndon failed to raise in the administrative remedy procedure all of the claims and issues he raised in his complaint and that he failed to exhaust administrative remedies even for those claims that he did raise in the administrative remedy procedure. Mr. Herndon argues in his motion to reconsider that the Court erred in dismissing this action.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Herndon fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

Mr. Herndon does not allege the existence of any new law. The grievances he attaches to the motion to reconsider do not constitute new evidence because they do not demonstrate that administrative remedies were exhausted prior to the filing of this action as required pursuant to § 1997e(a). Mr. Herndon also fails to convince the Court

2

of the need to correct clear error or prevent manifest injustice.  The Court remains

convinced that Mr. Herndon had not exhausted administrative remedies for any of the

claims he raised in his complaint before he brought this action.  To the extent Mr.

Herndon argues that he should have been allowed to amend his complaint to raise only

those claims for which administrative remedies were exhausted, the Court finds that

any amendment would be futile because none of the claims Mr. Herndon raises were

exhausted before he brought this action.  Therefore, the motion to reconsider will be

denied.  Accordingly, it is

      ORDERED that the "Motion to Alter or Amend Judgment Pursuant to Civ. R.

59(e)" filed on February 13, 2006, is denied.

      DATED at Denver, Colorado, this _6_ day of ___March___, 2006.

            BY THE COURT:

            ZITA L. WEINSHIENK, Senior Judge
            United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02532-BNB

Ronald A. Herndon
Prisoner No. 57724
Buena Vista Minumum Ctr.
PO Box 2005
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on___3-8-06___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk