IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02532-ZLW

RONALD ANDREW HERNDON,

    Plaintiff,

v.

JOE ORTIZ, Executive Director, Colorado Department of Corrections,
CARY SHAMES, Chief Medical Officer,
CORRECTIONS CORPORATION OF AMERICA (CCA),
CORRECTIONAL MEDICAL SERVICES (CMS),
BENT COUNTY CORRECTIONAL FACILITY (BCCF),
CROWLEY COUNTY CORRECTIONAL FACILITY (CCCF),
DEL LE COUNT, Health Services Administrator,
J. G. SUTTON, Medical Doctor, and
DR. NEECE, Medical Doctor,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 8 2007

GREGORY C. LANGHAM
              CLERK

---

## ORDER

---

Plaintiff Ronald Andrew Herndon has filed *pro se* on July 23, 2007, a "Motion to Alter or Amend Judgment and Disqualify Senior Judge Zita L. Weinshienk." The Court must construe the motion liberally because Mr. Herndon is representing himself. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

The Court first will address the portion of Mr. Herndon's motion in which he requests that the Court disqualify itself. Mr. Herndon asks the Court to disqualify itself because the Court allegedly is biased against Mr. Herndon. In support of this allegation of bias Mr. Herndon asserts that the Court repeatedly has ruled against him.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

2

Mr. Herndon's allegation that the Court repeatedly has ruled against him is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the motion to disqualify will be denied.

The Court next will address Mr. Herndon's motion to reconsider. Mr. Herndon asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on July 9, 2007. The Court dismissed the instant action after Mr. Herndon failed to respond to an order directing him to show cause why the action should not be dismissed for failure to make the required filing fee payments or to show cause why he was unable to make the required filing fee payments. Mr. Herndon alleges in the motion to reconsider that he did not receive a copy of the Court's show cause order because it was mailed to the wrong address.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Herndon filed his motion to reconsider within ten days after the Court's Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

As noted above, the Court dismissed the instant action because Mr. Herndon failed to respond to a show cause order. On May 16, 2007, the United States Court of Appeals for the Tenth Circuit issued its mandate vacating this Court's prior order dismissing this action for failure to demonstrate exhaustion of administrative remedies and remanding the case for further proceedings. On May 24, 2007, pursuant to the Tenth Circuit's mandate, the Court entered an Order Reinstating Case. Although Mr. Herndon had filed a notice of change of address on August 10, 2006, listing the Cheyenne Mountain Re-Entry Center as his current address, the Court's May 24 order was sent to Mr. Herndon at his prior address at the Buena Vista Minimum Center. On May 29, 2007, the Court remailed a copy of the May 24 Order Reinstating Case to Mr. Herndon at the Cheyenne Mountain Re-Entry Center. Also on May 29, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Herndon to show cause why this action should not be dismissed because Mr. Herndon had not made any monthly filing fee payments or shown cause why he was unable to make the required monthly filing fee payments. A copy of Magistrate Judge Boland's May 29 Order to Show Cause was mailed to Mr. Herndon at the Cheyenne Mountain Re-Entry Center.

On June 4, 2007, the two orders mailed to Mr. Herndon at the Cheyenne Mountain Re-Entry Center were returned to the Court undelivered, apparently because Mr. Herndon no longer was housed at that facility. Ironically, Mr. Herndon alleges that he actually received the copy of the Court's May 24 order that erroneously was mailed to the Buena Vista Minimum Center.

In an order filed on July 9, 2007, the Court dismissed this action because Mr. Herndon failed to respond to the May 29 show cause order within the time allowed.

The certificate of mailing attached to the Court's July 9 order indicates that order was not mailed to Mr. Herndon. Instead, the July 9 order erroneously was mailed to Gregory Blue at the El Paso County Jail. Also on July 9, 2007, Mr. Herndon filed a notice of change of address listing a Denver street address as his new address. On July 13, 2007, the Court entered a minute order directing the clerk of the Court to mail a copy of the order dismissing this action to Mr. Herndon at the Denver street address he provided. Mr. Herndon then filed the instant motion to disqualify and reconsider on July 23, 2007.

As noted above, Mr. Herndon contends that he never received a copy of Magistrate Judge Boland's May 29 order to show cause because it was mailed to the wrong address. In support of this contention, he asserts that he filed a notice of change of address in December 2006 listing an Englewood, Colorado, address as his current address. The Court's docket sheet does not indicate that Mr. Herndon filed a notice of change of address in December 2006 or at any other time listing the Englewood address. Therefore, although mistakes were made in mailing various orders to Mr. Herndon, the Court finds that those orders ultimately were mailed in a timely manner to the most current address provided by Mr. Herndon. As a result, the Court finds that Mr. Herndon's failure to respond to Magistrate Judge Boland's May 29 order to show cause resulted solely from his failure to keep the Court apprised of his current address.

Mr. Herndon also argues that the Tenth Circuit granted his motion to end the monthly filing fee payments. Mr. Herndon fails to explain whether he is referring to filing fee payments in connection with his appeal or with the instant action in this Court. In any event, this Court has not received from the Tenth Circuit any order ending Mr.

Herndon's monthly filing fee payment obligations or stating that Mr. Herndon was not required to make monthly filing fee payments throughout the course of this action while he was incarcerated. The Court notes that Mr. Herndon made two filing fee payments in connection with his appeal in December 2006 and January 2007. However, the Court's docketing records do not indicate that Mr. Herndon ever made any payments towards the $250.00 filing fee in this action. Even assuming the monthly filing fee payment obligation has ended because Mr. Herndon no longer is incarcerated, he still fails to show cause why he was unable to make monthly filing fee payments while he was incarcerated.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Herndon fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Herndon does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion to Alter or Amend Judgment and Disqualify Senior Judge Zita L. Weinshienk" filed on July 23, 2007, is denied.

DATED at Denver, Colorado, this 8 day of August, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02532-BNB

Ronald A. Herndon
2530 Albion Street
Denver, CO 80207

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/8/7

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk